**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**CHOSTEN CARIS,**

    **Plaintiff,**

**vs.**                                               **Case No. 1:23cv120-RH-MAF**

**DAVID MICHERY,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Pro se Plaintiff Chosten Caris initiated an action in state court in late April 2023. Defendant David Michery received notice of that action and removed the case to this Court on May 17, 2023. ECF No. 1. After receipt, Mr. Caris was provided an opportunity to seek remand if there was a legal basis to do so. ECF No. 6. He filed a document entitled "oppose motion," ECF No. 9, but that document did not address whether the case should be remanded. Instead, he sought to prevent a "reverse split." That motion remains pending and Mr. Caris was given additional time in which to file a response in opposition to the motion to dismiss. ECF Nos. 10, 13, 15, 17, and 20.

Mr. Caris' state court complaint has been entered on the docket as ECF No. 7.  On June 20, 2023, Mr. Michery filed a motion to dismiss, ECF No. 11, in response to that complaint.  Mr. Caris has filed a response to the motion to dismiss.  ECF No. 21.  The motion to dismiss is ready for a ruling, as is Mr. Caris' "oppose motion," ECF No. 9, and his recently filed motion for an injunction, ECF No. 26.

**The Complaint, ECF No. 7**

Mr. Caris alleges that he took a position in Mr. Michery's company, Mullen Automotive, Inc., after seeing an article about the company, indicating it "would deliver the most advanced Lithium Sulphur battery technology for the future."  ECF No. 7 at 1.  Mr. Michery is the CEO of Mullen Automotive, Inc.  *Id.*  In March 2022, Mr. Michery announced a deal to provide electric van models to a major Fortune 500 company, causing an increase in stock.  However, Mr. Caris contends the announcement was fabricated.  *Id.* at 1-2.  Mr. Caris alleges that Mr. Michery made subsequent announcements about agreements reached with other companies to purchase additional vans which were also untrue.  *Id.* at 2-3.  Mr. Caris contends that Mullen Automotive was not manufacturing vehicles but, instead, was delivering "rebranded" vehicles.  *Id.* at 3.

It is claimed that company stocks have been declining due to "illegal insider trading and [having] misled investors." ECF No. 7 at 3. Mr. Caris stated that Mr. Michery "purposely manipulated the stock price for his own financial gain" and "diluted his company stock price." *Id.* at 4. He further claimed that Mr. Michery "was betting against his own company for his own personal gain." Mr. Caris said that had he known of Mr. Michery's actions, he "would never have invested in" his company. *Id.* Mr. Caris contends that Mr. Michery "violated the Securities Law, the SEC rule 10b-5, which prohibits a CEO from selling Short Sales against his own company." *Id.* Mr. Caris alleges that Mr. Michery misled investors, published false claims, and defrauded Mr. Caris, causing losses to his investments. *Id.*

**The Motion to Dismiss, ECF No. 11**

Mr. Michery is the "CEO of Mullen, a California-based electric vehicle and battery company." ECF No. 11 at 2. Mr. Michery has moved to dismiss this case for insufficient process, insufficient service of process, and for failure to state a claim. ECF No. 11 at 1.

**Insufficient Service and Service of Process**

Mr. Michery argues that the summons served in this case was deficient, and that service of the summons was defective. *Id.* at 3.

Attached to the notice of removal is a copy of the summons. ECF No. 1-1 at 2. The summons was addressed to "Mullen Automotive, Inc. and Board," and not to the Defendant, Mr. Michery. *Id.*

Mr. Caris acknowledged that argument in his response, ECF No. 21 at 4, but did not respond to it. Instead, he said that arguments about "a defective summons, summons listing the wrong defendant, insufficient process and etc." are "not grounds for dismissal after the case was" removed from state court to federal court. *Id.* That is not correct.

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (internal citations omitted) (quoted in Short v. Embraer S.A., No. 20-CV-61473-WPD, 2021 WL 2176854, at *2 (S.D. Fla. May 26, 2021)). A summons is the process by which a defendant in a civil case is notified that he is being sued. *See* Walker Fertilizer Co. v. Race, 123 Fla. 84, 89, 166 So. 283, 285 (1936). The summons, however, was not directed to David Michery, the named Defendant. ECF No. 1-1 at 3. Instead, it was directed to his company, Mullen Automotive. *Id.* at 2. The summons was defective.

Additionally, under Florida law, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." FLA. STAT. § 48.031(1)(a).  Mr. Caris filed a document entitled "proof of service" in which he certified that a copy of the summons and complaint were "hand-delivered" to Mullen Automotive, Inc., on April 28, 2023.  ECF No. 8 at 1.  In actuality, the process server stated that the service documents were given to Monica Torres, an administrative assistant at Mullen Automotive, Inc., in Brea, California.  *Id.* at 4.  Thus, Mr. Michery has correctly argued that he was not personally served with process, and that process was insufficient because the complaint and summons were not given to him, or to a person residing with him as required by Florida law.

"Proper service of process is a jurisdictional requirement; 'a court lacks jurisdiction over ... a defendant when that defendant has not been served.'"  <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990) (quoted in <u>Simon v. Leevers Supermarkets, Inc.</u>, No. 20-60721-CIV,

2020 WL 13310332, at *2 (S.D. Fla. July 6, 2020)).  "However, '[c]ourts typically dismiss an action only when there is no 'reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly,' or when the defendant makes some showing of prejudice due to improper service.'" Simon, 2020 WL 13310332, at *2 (quoting Talib v. Anders, No. 3:17-CV-452-J-39JRK, 2017 WL 7541509, at *2 (M.D. Fla. Oct. 17, 2017) (internal citations omitted); see also Davis v. Pyrofax Gas Corp., 805 F.2d 370, 370 (11th Cir. 1986) (stating that district court "should have quashed the service of process with leave to amend for proper service").  Here, Mr. Michery has not demonstrated prejudice and it would appear that Mr. Caris could correct the deficient service of process after review of this recommendation.[1]

Thus, the motion to dismiss this case on these grounds should be denied and, instead, service should be quashed.  Mr. Caris should be provided a limited amount of time to perfect service of process on the Defendant named in the complaint, ECF No. 7.

---

[1] Indeed, now that this case is proceeding in federal court, Mr. Caris could also serve Mr. Michery with process in accordance with Federal Rule of Civil Procedure 4.

Case No. 1:23cv120-RH-MAF

Because "[p]roper service of process is a jurisdictional requirement," the Defendant's remaining arguments concerning failure to state a claim have not been addressed. Instead, Defendant may resubmit those arguments if and when Plaintiff perfects service of process on Mr. Michery. Furthermore, Mr. Caris' "oppose motion," ECF No. 9, and his request for an injunction, ECF No. 26, should be denied because jurisdiction over the Defendant is lacking. Those motions are premature until service of process has been completed.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 11, be **DENIED,** but service of process be **QUASHED** and Plaintiff be required to properly serve the Defendant within thirty days of the date this Report and Recommendation is adopted. It is further **RECOMMENDED** that Plaintiff's "oppose motion," ECF No. 9, and his motion for an injunction,

ECF No. 26, be **DENIED** without prejudice as having been prematurely filed, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 27, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 1:23cv120-RH-MAF