IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHOSTEN CARIS,

    Plaintiff,

v.                                       CASE NO. 1:23cv120-RH-MAF

DAVID MICHERY,

    Defendant.

_____/

ORDER DISMISSING THE COMPLAINT
AND GRANTING LEAVE TO AMEND

    This is a securities case. The plaintiff Chosten Caris asserts a claim against David Michery, identified in the complaint as the chief executive officer of Mullen Automotive Inc. Mr. Caris apparently asserts Mr. Michery made untrue statements over a substantial period and that, as a result, Mr. Caris lost his $30,000 investment in Mullen stock.

    Mr. Michery has moved to dismiss for failure to state a claim. This order grants the motion and also grants leave to amend.

    To state a claim under § 10(b) of the Securities Exchange Act of 1934 and related Rule 10(b)(5), "a plaintiff must allege the following elements: '(1) a

material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection' between the misrepresentation or omission and the loss, commonly called 'loss causation.' " *Carvelli v Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019) (quoting *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008); *see also In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269–70 (11th Cir. 2016).

The Private Securities Litigation Reform Act requires a complaint to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u–4(b)(1)(B). It also requires, "with respect to each act or omission alleged," that a complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. § 78u–4(b)(2)(A). The required state of mind is an "intent to defraud or severe recklessness on the part of the defendant." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1299 (11th Cir. 2018) (quoting *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 594 F.3d 783, 790 (11th Cir. 2010)). And a "strong inference" is one that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

Federal Rules of Civil Procedure 9(b) also requires fraud to be alleged with particularity. The Eleventh Circuit has said Rule 9(b) requires the pleader to allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *United States ex rel. Clausen v. Lab Corp.*, 290 F.3d 1301, 1310 (11th 2002) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001)); *see also Carvelli*, 934 F.3d at 1318.

Mr. Caris has come nowhere close to meeting these standards. The complaint alleges false statements but does not make a sufficient connection between the statements and Mr. Caris's purchase or sale of securities. It is not enough to allege Mr. Michery made false statements, the company did not succeed, and Mr. Caris's investment decreased in value or became worthless. To state a claim, Mr. Caris must allege with particularity both his reliance on specific allegedly fraudulent statements or omissions and how this caused his loss.

The United States District Court for the Central District of California has preliminarily approved a settlement in a proposed class action arising from some of the same alleged fraud at issue here. *See In re Mullen Automotive, Inc. Securities*

*Litigation*, No. CV 22-3026-DMG (C.D. Cal. Sept. 13, 2024). Mr. Caris, who is proceeding in this court without an attorney, may be a member of the class that has been certified there for settlement purposes only. Mr. Caris will be able to proceed in this court only if (a) he is not a class member, or (b) he opts out of the class, or (c) the settlement is not finally approved. Mr. Caris should note well: by proceeding here, he may lose the ability to participate in the settlement or in any other recovery in the California litigation.

IT IS ORDERED:

1. The motion to dismiss, ECF No. 58, is granted.

2. The complaint is dismissed for failure to state a claim on which relief can be granted.

3. Mr. Caris may file an amended complaint by November 5, 2024.

SO ORDERED on October 7, 2024.

s/Robert L. Hinkle<br>United States District Judge